IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

FILED
JUN 0 7 2010
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

DENTISTRY OF BROWNSVILLE, P.C. )
dba KOOL SMILES )
)
Plaintiffs, )
)
v. )     Case No. **W10 CA156**
)
DR. MATHEW BERG, OCEAN )     **JURY TRIAL DEMANDED**
DENTAL CORPORATE OFFICE, INC., )
OCEAN DENTAL FOUNDATION, )
OCEAN DENTAL, P.C., OCEAN )
DENTAL OF TEXAS, P.C. and OCEAN )
DENTAL, CHAD HOEKER, DDS, P.C., )
)
Defendants. )
)

## PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Dentistry of Brownsville, P.C. dba Kool Smiles ("Kool Smiles" or "Plaintiff"), by way of this Complaint that it files against Defendants Dr. Mathew Berg ("Berg") and Ocean Dental Corporate Office, Inc., Ocean Dental Foundation, Ocean Dental, P.C., Ocean Dental of Texas, P.C. and Ocean Dental, Chad Hoeker, DDS, P.C., (collectively, "Ocean Dental" and jointly with Defendant Berg, "Defendants") shows as follows:

### NATURE OF THE ACTION

1.

This is an action for damages, specific performance, and injunctive relief premised on Plaintiff's claims for breach of contract, tortious interference with contract, misappropriation of trade secrets, and attorneys' fees.

{01144821.DOC \}

## PARTIES

2.

Plaintiff Dentistry of Brownsville, P.C. dba Kool Smiles is a professional corporation incorporated under the laws of the State of Texas that maintains its principal place of business in the State of Texas.

3.

Defendants Ocean Dental Corporate Office, Inc., Ocean Dental, P.C., Ocean Dental of Texas, P.C., and Ocean Dental, Chad Hoeker, DDS, P.C., are corporations incorporated under the laws of the State of Oklahoma that maintain principal place of businesses in the State of Oklahoma. Each of them transacts business within the State of Texas and has committed tortious acts and/or breaches of other legal duties within the State of Texas, as described herein. They may be served via their registered agent, Incorp Services, Inc., 613 SW 112th Street, Oklahoma City, OK 73170.

4.

Defendant Ocean Dental Foundation is a corporation incorporated under the laws of the State of Oklahoma and maintains a principal place of business in the State of Oklahoma. On information and belief, it transacts business within the State of Texas and has committed tortious acts within the State of Texas, as described herein. Ocean Dental Foundation may be served with process through its registered agent, Chad Hoecker, 5503 W. Creekside Drive, Stillwater, OK, 74074.

5.

Defendant Berg is a natural person who resides at 16412 Grace Anne Court, Edmond, Oklahoma 73013. Defendant Berg was employed as a Regional Dental Director by Kool Smiles and he was responsible for managing the dentists in Kool Smiles dental clinics in Texas. He

regularly and consistently traveled to Texas and performed services in Texas, including services at Kool Smiles' Waco, Texas clinic, pursuant to his employment with Kool Smiles and he committed many of the acts complained of in this Complaint in Texas, including in Kool Smiles' Waco, Texas clinic.

## JURISDICTION AND VENUE

6.

Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity among the parties. Plaintiff Kool Smiles is a citizen of the State of Texas, while Defendants Berg, Ocean Dental Corporate Office, Inc., Ocean Dental Foundation, Ocean Dental, P.C., and Ocean Dental, Chad Hoeker, DDS, P.C., are citizens of the State of Oklahoma. Plaintiff Kool Smiles contends that it is entitled to over $75,000.00 in damages in this case, an amount that exceeds the jurisdictional threshold.

7.

Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a)(1) because a substantial portion of the events at issue occurred in this district. Berg was employed as the Regional Dental Director for Kool Smiles covering the region that includes this district, and his duties included oversight of a dental clinic in Waco, Texas. Berg, on behalf of Defendants, and other Defendants, made a number of contacts in the district to recruit Kool Smiles personnel in violation of the contractual obligations and other breaches of legal duties asserted here.

8.

Ocean Dental is subject to personal jurisdiction because it regularly conducts business in the State of Texas through offices that it maintains in the state. Additionally, Ocean Dental, purposefully undertook acts in the State of Texas that tortiously interfered with the contract at issue here and misappropriated trade secrets.

9.

Berg is subject to personal jurisdiction because he worked as the Regional Dental Director for Kool Smiles covering the State of Texas, he regularly conducts business in the State of Texas and he purposefully engaged in contacts in the State of Texas that breached his contractual obligations and other legal duties owed to Kool Smiles.

10.

Any conditions precedent to the bringing of this Complaint and the causes of action herein have occurred, have been performed, or have been excused.

## FACTS GIVING RISE TO THE ACTION

### Kool Smiles' Business

11.

Kool Smiles provides dentistry services to pediatric and adult patients, most of whose dental services are paid for by Medicaid or other public assistance, to patients in several clinics in Texas.

12.

Kool Smiles employs dentists in twelve (12) clinics in various cities in Texas. Each clinic typically has two (2) or three (3) dentists at one time. Kool Smiles usually employs a Regional Dental Director who manages the dentists in the clinics in Texas. The Regional Dental Director has access to a substantial amount of Kool Smiles' confidential and trade secret information, including information on productivity of dentists, information on compensation of dentists, information on hiring and employment status of dentists, other personal information about Kool Smiles dentists, and other confidential information.

### Defendant Ocean Dental's Business

13.

Defendant Ocean Dental maintains numerous dental clinics that provide dentistry services to pediatric and adult patients whose dental services are paid for by Medicaid or other forms of public assistance. Several of the clinics operated by Ocean Dental are in Texas.

14.

According to its website, Defendant Ocean Dental operates dental clinics in several cities in Texas, including Austin, Corpus Christi, El Paso, Houston, McAllen and San Antonio.

15.

Defendant Ocean Dental is a direct competitor of Kool Smiles in Texas.

### Defendant Berg's Employment with Kool Smiles

16.

Defendant Berg became employed with Kool Smiles as a Regional Dental Director on or about May 5, 2008. Defendant Berg's job duties as a Regional Dental Director included, without limitation, responsibility for the day-to-day management and function of all clinical activities for all offices located within the states of Texas and Arkansas, which include recruitment, selection, hiring, evaluation, training and retention of all dentists.

17.

In his position as Regional Dental Director, Defendant Berg provided services on behalf of Kool Smiles and its affiliated companies throughout Texas.

18.

Throughout his employment, Defendant Berg had knowledge of and access to Kool Smiles' confidential business and financial information and trade secrets and he worked

regularly with the dentists at each Kool Smiles clinic, including, without limitation, Dr. Paul Apilado, Dr. Rubayyat Rashid, Dr. Armando Salazar, and Dr. Phoebe Thurber Salazar.

### Defendant Berg's Written Confidentiality and Restrictive Covenant Agreement

19.

At the commencement of his employment in April 2008, Defendant Berg entered into a written Confidentiality and Restrictive Covenant Agreement (the "2008 Agreement"). The 2008 Agreement provided that Defendant Berg would have access to proprietary and confidential information of Kool Smiles and placed certain restrictions upon his use and disclosure of that information and upon his engaging in certain activities, such as recruiting employees of Kool Smiles, within a certain time period after he left employment with Kool Smiles.

20.

Defendant Berg's employment continued without a break in service following his execution of both the 2008 Agreement and that Agreements remains binding and enforceable.

### Defendant Berg's Resignation from Kool Smiles to Commence Employment with Defendant Ocean Dental

21.

In May 2009, Defendant Berg gave Kool Smiles notice of his resignation from employment, to become effective May 15, 2009. At that time, Defendant Berg informed Kool Smiles that he had accepted a position with Ocean Dental.

22.

On May 15, 2009, Kool Smiles sent a letter by overnight carrier to Ocean Dental notifying Ocean Dental of the terms of Dr. Berg's Confidentiality and Restrictive Covenant Agreement, requesting that Ocean Dental take whatever actions were necessary to prevent Dr. Berg from breaching the 2008 Agreement and explaining that any action on their part to

{01144821.DOC \}                              - 6 -

encourage Dr. Berg to breach his obligations to Kool Smiles would be viewed as violation of Ocean Dental's legal obligations.

## COUNT I

### Breach of Contract
### Against Defendant Berg for Soliciting or Recruiting Employees

23.

Kool Smiles realleges and incorporates by reference herein all of the allegations contained in Paragraphs 1 through 22 of this Complaint.

24.

The "Non-Solicitation of Employees" contained in Section 3 the 2008 Agreement obligates Berg to refrain, during his employment and for twelve (12) months following the termination of his employment, from recruiting or otherwise seeking to hire any employee of Kool Smiles.

25.

Beginning in 2009, after commencing employment with Defendant Ocean Dental, Defendant Berg directly or indirectly solicited or recruited dentists employed by Kool Smiles to become employed by Ocean Dental.

26.

Beginning in 2009, after commencing employment with Defendant Ocean Dental, Defendant Berg directly or indirectly solicited or recruited dentists employed by Kool Smiles to become employed by Ocean Dental.

27.

During 2009, while Dr. Paul Apilado was employed by Kool Smiles, Defendant Berg directly or indirectly solicited or recruited Dr. Paul Apilado to become employed by Ocean Dental.

28.

During 2009, while Dr. Rubayyat Rashid was employed by Kool Smiles, Defendant Berg directly or indirectly solicited or recruited Dr. Rubayyat Rashid to become employed by Ocean Dental.

29.

During 2009, while Dr. Armando Salazar was employed by Kool Smiles, Defendant Berg directly or indirectly solicited or recruited Dr. Armando Salazar to become employed by Ocean Dental.

30.

During 2009, while Dr. Phoebe Thurber Salazar was employed by Kool Smiles, Defendant Berg directly or indirectly solicited or recruited Dr. Phoebe Thurber Salazar to become employed by Ocean Dental.

31.

In 2010, Defendant Berg attempted to directly or indirectly solicit or recruit Dr. Harjap Nanva, a current employee of Kool Smiles, to become an employee of Ocean Dental.

32.

Defendant Berg's actions to solicit or recruit dentists employed Kool Smiles to become employed by Ocean Dental were in direct violation of the provisions of the 2008 Agreement.

33.

Defendant Berg agreed, in writing, that Kool Smiles would suffer great loss and irreparable damage as a result of any actions taken by him in violation of the 2008 Agreement. Defendant Berg further acknowledged that Kool Smiles would be entitled to recover damages in addition to injunctive relief and other equitable remedies in the event of a breach of that Agreement by him.

34.

As a result of Defendant Berg's actions in violation of his Agreement, Kool Smiles has suffered and continues to experience monetary damages. Further, Kool Smiles continues to suffer, substantial and irreparable injury because of any continuing efforts to target and solicit its employees. Kool Smiles has suffered, and continues to suffer, substantial and irreparable injury.

## COUNT II

### Breach of Contract
### Against Defendant Berg for Use and Disclosure of Trade Secrets and Confidential Information

35.

Kool Smiles realleges and incorporates by reference herein all of the allegations contained in Paragraphs 1 through 34 of this Complaint.

36.

Section 4 of the 2008 Agreement ("No Use or Disclosure of Confidential Information") obligates Berg to refrain, during his employment and for the three (3) years following the termination of his employment, from using or disclosing to or for the benefit of anyone other than Kool Smiles information defined therein as Confidential Information of Kool Smiles and to refrain, during his employment and for as long as the information remains a Trade Secret as

defined therein, from using or disclosing to or for the benefit of anyone except Kool Smiles any information defined as a Trade Secret as defined therein or under applicable state law.

37.

Since commencing employment with Defendant Ocean Dental, Defendant Berg has used Confidential Information and/or Trade Secrets of Kool Smiles, as defined in the 2008 Agreement, to directly or indirectly solicit or recruit dentists employed by Kool Smiles to become employed by Ocean Dental.

38.

Upon information and belief, Defendant Berg has disclosed Confidential Information and/or Trade Secrets of Kool Smiles, as defined in the 2008 Agreement, to Ocean Dental.

39.

Defendant Berg's actions to use and disclose Confidential Information and Trade Secrets of Kool Smiles were in direct violation of the provisions of the 2008 Agreement.

40.

Defendant Berg agreed, in writing, that Kool Smiles would suffer great loss and irreparable damage as a result of any actions taken by him in violation of the 2008 Agreement. Defendant Berg further acknowledged that Kool Smiles would be entitled to injunctive relief and other equitable remedies in the event of a breach of that Agreement by him.

41.

As a result of Defendant Berg's actions in violation of his Agreement, Kool Smiles has suffered and continues to experience monetary damages. Further, Kool Smiles continues to suffer, substantial and irreparable injury because of the continuing nature of the use and disclosure of its confidential information and trade secrets.

## COUNT III

### Tortious Interference with Contract
### Against Defendant Ocean Dental

42.

Kool Smiles realleges and incorporates by reference herein all of the allegations contained in Paragraphs 1 through 41 of this Complaint.

43.

Kool Smiles maintains contractual relationships with Defendant Berg as evidenced by the 2008 Agreement.

44.

Through Kool Smiles' May 15, 2009, letter, Defendant Ocean Dental had actual and constructive knowledge of the contractual relationships between Kool Smiles and Defendant Berg.

45.

Defendant Ocean Dental had actual and constructive knowledge of the contractual relationships between Kool Smiles and Defendant Berg through other means.

46.

Defendant Ocean Dental knowingly allowed or encouraged Defendant Berg to recruit dentists employed by Kool Smiles.

47.

Defendant Ocean Dental knowingly allowed or encouraged Defendant Berg to use confidential Kool Smiles productivity information, confidential Kool Smiles compensation information and other Kool Smiles confidential information and/or trade secrets to recruit dentists employed by Kool Smiles and otherwise to benefit himself and Ocean Dental.

48.

Defendant Ocean Dental has used confidential Kool Smiles productivity information, confidential Kool Smiles compensation information and other Kool Smiles confidential information and/or trade secrets to recruit dentists employed by Kool Smiles and otherwise to benefit Ocean Dental.

49.

Defendant Ocean Dental has intentionally and wrongfully interfered with the contractual relationships between Kool Smiles and Defendant Berg.

50.

Defendant Ocean Dental's interference with the contractual relationships that Kool Smiles maintains with Defendant Berg was intentional, malicious, carried out through dishonest, fraudulent, unfair, and/or improper means, and specifically designed to injure Kool Smiles' business.

51.

Through its wrongful acts of interference, Defendant Ocean Dental has proximately caused substantial injury to Kool Smiles.

52.

Defendant Ocean Dental's interference with Kool Smiles' rights was willful, wanton, malicious and in reckless disregard of those rights, as well as of the harm it was causing and was foreseeably likely to cause to Kool Smiles, so that punitive damages should be imposed on Defendant Ocean Dental.

## COUNT IV

### Defendants' Misappropriation of Trade Secrets in Violation of Texas Law

53.

Kool Smiles realleges and incorporates by reference herein all of the allegations contained in Paragraphs 1 through 52 of this Complaint.

54.

While employed by Kool Smiles, Defendant Berg had knowledge of substantial trade secret information of Kool Smiles, including, without limitation, information on productivity of dentists, information on compensation of dentists, confidential personnel information about dentists, other confidential financial information, and confidential information about business plans. This information was held in confidence by Kool Smiles and was not to be disclosed to others.

55.

When he commenced employment with Defendant Ocean Dental, Defendant Berg misappropriated trade secrets of Kool Smiles. Defendant Berg has used trade secrets of Kool Smiles to directly or indirectly solicit or recruit dentists employed by Kool Smiles to become employed by Ocean Dental and otherwise to the benefit of himself and Ocean Dental and to the financial harm and disadvantage of Kool Smiles.

56.

Upon information and belief, Defendant Berg has misappropriated and disclosed trade secrets of Kool Smiles to Ocean Dental.

57.

Defendant Ocean Dental has misappropriated and used confidential Kool Smiles trade secrets including, without limitation, confidential productivity information, confidential Kool

Smiles compensation information and other Kool Smiles confidential financial and business information to recruit dentists employed by Kool Smiles and otherwise to benefit Ocean Dental and harm Kool Smiles.

58.

Defendants Berg and Ocean Dental have intentionally and wrongfully misappropriated disclosed and used trade secrets of Kool Smiles in violation of Texas law.

59.

Defendant Berg's and Defendant Ocean Dental's misappropriation, disclosure and use of trade secrets of Kool Smiles was intentional, malicious, carried out through dishonest, fraudulent, unfair, and/or improper means, and specifically designed to injure Kool Smiles' business.

60.

Through their wrongful acts of misappropriation, disclosure and use of trade secrets of Kool Smiles, Defendants Berg and Ocean Dental have proximately caused substantial economic injury to Kool Smiles. Defendants have also improperly economically benefited from the use of Kool Smiles' trade secrets.

61.

Defendant Berg's and Defendant Ocean Dental's misappropriation, disclosure and use of trade secrets of Kool Smiles were willful, wanton, malicious and in reckless disregard of Kool Smiles' rights and Texas law, as well as of the harm it was causing and was foreseeably likely to cause to Kool Smiles, so that punitive damages should be imposed on Defendants Berg and Ocean Dental.

## COUNT V

### Damages

62.

Kool Smiles realleges and incorporates by reference herein all of the allegations contained in Paragraphs 1 through 61 of this Complaint.

63.

One or more of Defendants actions have caused Kool Smiles monetary damages, including but not limited to, loss of profits and the cost of recruiting and replacing dentists.

64.

Kool Smiles incorporates by reference its claim for punitive damages as set forth in paragraphs 52 and 61 herein.

65.

Kool Smiles damages are in excess of the minimum diversity jurisdictional limits of this Court.

## COUNT VI

### Attorneys' Fees Against Defendant Berg

66.

Kool Smiles realleges and incorporates by reference herein all of the allegations contained in Paragraphs 1 through 65 of this Complaint.

67.

Defendant Berg has violated the terms of his 2008 Agreement.

68.

Through his acts in violation of the 2008 Agreement, Defendant Berg has forced Kool Smiles to incur costs and attorneys' fees to enforce its rights under that Agreement, entitling Kool Smiles to attorneys' fees pursuant to Texas Civil Practice and Remedies Code § 38.001(8).

69.

Kool Smiles wrote a letter to Defendant Berg on May 29, 2009, demanding that he cease and desist from violating the 2008 Agreement. Kool Smiles wrote letters to Defendant Ocean Dental on May 29, 2009 and December 7, 2009, demanding that they cease and desist from tortiously interfering with Kool Smiles' contract and with Dr. Berg and business relations with its dentists and that they cause Dr. Berg to cease and desist from violating his 2008 Agreement on their behalf.

## COUNT VII

### Injunctive Relief

70.

Kool Smiles realleges and incorporates by reference herein all of the allegations contained in Paragraphs 1 through 69 of this Complaint. Defendants continued disregard of the 2008 Agreement will cause irreparable harm to Kool Smiles. Kool Smiles requests the Court enter a permanent injunction enjoining Defendant Berg from acting in violation of the 2008 Agreement. Kool Smiles further requests the court to enter a permanent injunction enjoining Defendant Ocean Dental from continuing to interfere with Kool Smiles' contractual relationships with Defendant Berg.

## Prayer for Relief

WHEREFORE, Kool Smiles respectfully demands that judgment be made and entered in its favor and against Defendant Ocean Dental and Defendant Berg as follows:

A. Enter a permanent injunction enjoining Defendant Berg from acting in violation of the 2008 Agreement.

B. Enter a permanent injunction enjoining Defendant Ocean Dental from continuing to interfere with Kool Smiles' contractual relationships with Defendant Berg.

C. Require the Defendants to return all of Kool Smiles' property, including any documents or other items reflecting or containing trade secrets or confidential business information.

D. Award Kool Smiles actual and compensatory damages in an amount to be determined at trial.

E. Award Kool Smiles punitive damages in an amount to be determined at trial.

F. Award Kool Smiles all costs and attorneys' fees incurred in the prosecution of this lawsuit.

G. Grant such other and further relief as this Court in its judgment deems just and proper.

## Jury Trial Demand

Kool Smiles demands a trial by jury on all issues so triable.

Respectfully Submitted,

_____
Darren L. McCarty
[Admission to Western District pending]
State Bar No. 24007631
ALSTON & BIRD LLP
Chase Tower
220 Ross Avenue, Suite 3601
Dallas, Texas 75201-2708
(214) 922-3400 telephone
(214) 922-3899 facsimile

Roy L. Barrett
State Bar No. 01814000
John P. Palmer
State Bar No. 15430600
Neal Pirkle
State Bar No. 00794464
NAMAN, HOWELL, SMITH & LEE, PLLC
P.O. Box 1470
400 Austin Ave, 8th Floor
Waco, TX 76703-1470
Phone: (254) 755-4100
Fax: (254) 754-6331

**Attorneys for Plaintiff Dentistry of Brownsville, P.C. dba Kool Smiles**